**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3913
_____

ASSEM A. ABULKHAIR,
                                        Appellant

v.

DIRECTOR OF NEW JERSEY DEPARTMENT OF HUMAN SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-003375)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2012

Before:  AMBRO, FISHER AND NYGAARD, Circuit Judges.

(Opinion Filed:  April 4, 2012)
_____

OPINION
_____

PER CURIAM

Assem Abulkhair appeals pro se and in forma pauperis from the United States

District Court for the District of New Jersey's dismissal of his complaint.  For the reasons

that follow, we will affirm the District Court's order.

I.

In 2011, Abulkhair filed a complaint alleging that the New Jersey Department of Human Services ("the Department") reduced his food stamp benefits in retaliation for filing a lawsuit against the Director of the Department. He asserted that the Department reduced his benefits in January 2009 but that a state administrative law judge ("ALJ") later reinstated the benefits. Soon thereafter, the Director "intervened and reversed" the ALJ's decision. Abulkhair appealed from that decision administratively and in the New Jersey state courts. See Abulkhair v. Passaic County Bd. of Social Services, 2010 WL 1753302 (N.J. Super. Ct. App. Div. Apr. 23, 2010). His federal court complaint asserts that the decision to reduce his benefits was "not based upon substantial evidence, [but was] based upon fundamental assertion error made up by the Director to retaliate against Abulkhair for his suit against her and its agency."

Upon granting Abulkhair permission to proceed in forma pauperis, the District Court sua sponte dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). The District Court considered whether it should allow Abulkhair to amend his complaint but determined that doing so would be futile, as "the facts as set forth . . . seemingly indicate that Defendant's decision to reduce Plaintiff's food stamp benefits occurred before Plaintiff even initiated a lawsuit against defendant."

Abulkhair timely appealed from the District Court's decision, and we requested that the parties file briefs discussing whether the District Court correctly dismissed the complaint without leave to amend.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's sua sponte dismissal of a complaint is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court on any basis that finds support in the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Upon our initial reading of the complaint, we, as did the District Court, believed that Abulkhair was attempting to raise a retaliation claim under 42 U.S.C. § 1983. However, Abulkhair's appellate brief states that the District Court erred by assessing his claims under this statute. Rather, he asserts that his complaint constitutes an administrative appeal from the Department's and the New Jersey state courts' decisions affirming the reduction of his food stamp benefits. While the district court may have misconstrued Abulkhair's complaint, we will not remand the case because his claims are clearly prohibited by the Rooker-Feldman doctrine. See District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Under the Rooker-Feldman doctrine, "state-court losers" are barred from "complaining of injuries caused by state-court judgments" and "inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "[T]here are four requirements that must be met for the . . . doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were

3

rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (internal citations, quotations, and alterations omitted).

Here, Abulkhair repeatedly states that he "filed a complaint [with the District Court] to appeal and to contest the wrong determination of his administrative action," and he asserts that he is disputing the state courts' orders. His complaint thus asks the District Court to exercise appellate review over state administrative and judicial decisions, which federal courts lack authority to do absent specific statutory authorization. Parties aggrieved by state administrative and judicial decisions must pursue review in state appellate tribunals, with the ultimate opportunity to petition the United States Supreme Court for review. See Exxon Mobil Corp., 544 U.S. at 291-92 (explaining the application of the Rooker-Feldman doctrine).[1]

Accordingly, because the District Court lacks the authority to consider Abulkhair's claims, we will affirm its dismissal of the complaint.

---

[1] We note that Abulkhair incorrectly asserts that federal review of these decisions is available because he has "exhausted his administrative remedies." As to the basis for federal judicial review, Abulkhair's complaint cites to statutes providing for review of decisions made by the Commissioner of Social Security. Those statutes are not relevant to Abulkhair's current claims.

4